UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON OF SALT LAKE CITY, LLC (d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop); NORTHERN UTAH POWER SPORTS, LLC (d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson); and JOSEPH L. TIMMONS, JR.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO COMPEL PRODUCTION OF DOCUMENT AND RECONVENE DEPOSITION (DOC. NO. 41)**<br><br><br>Case No. 2:22-cv-00473<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this citizen environmental enforcement action, Plaintiff Utah Physicians for a Healthy Environment ("UPHE") filed a discovery motion seeking to compel Defendants Harley-Davidson of Salt Lake City, LLC, Northern Utah Power Sports, LLC, and Joseph L. Timmons, Jr. to (1) produce a settlement agreement between Defendants and nonparty Harley-Davidson, Inc., and (2) reopen Defendant Joseph Timmons' deposition to permit further questioning about the agreement.[1]  A hearing was held on October 5, 2023.[2]  As explained at the hearing, because the agreement is relevant to UPHE's claims and responsive to Request for Production ("RFP")

---

[1] (Pl.'s Mot. for Short Form Disc. to Compel Produc. of Doc. and Reconvene Dep. ("Mot."), Doc. No. 41.)

[2] (*See* Minute Entry, Doc. No. 62.)

1

11, and it was improper for Defendants' counsel to instruct Mr. Timmons not to answer questions about the agreement, UPHE's motion is granted.

BACKGROUND

UPHE brought this citizen enforcement action under the Clean Air Act[3] and the Noise Control Act,[4] alleging Defendants violated these acts by, among other things, using their website to sell aftermarket defeat parts which enable the removal of pollution-control devices in motorcycles.[5]  During discovery, in RFP 11, UPHE requested "all documents that set forth or pertain to [Defendants'] business/dealership relationship with the entity or entities that manufacture Harley-Davidson motorcycles, including contracts and agreements, and any amendments thereto, in effect within the applicable period."[6]  During his deposition, Mr. Timmons referred to a settlement agreement between Defendants and Harley-Davidson, Inc., and indicated the agreement was confidential.[7]  Mr. Timmons' counsel then instructed him not to answer questions about the agreement, citing the confidentiality provision.[8]  The agreement was not produced in response to UPHE's document requests.[9]

---

[3] 42 U.S. § 7401 et seq. (1970).

[4] 42 U.S. § 4901 et seq. (1972).

[5] (Compl. ¶ 1, Doc. No. 2.)

[6] (Ex. 1 to Mot., Pl.'s Reqs. to Def. Harley-Davidson of Salt Lake City, LLC for Produc. of Docs., First Set 6, Doc. No. 41-1.)

[7] (*See* Mot. 1, Doc. No. 41; Ex. 2 to Mot., Dep. of Joseph L. Timmons ("Timmons Dep.") 35:15–21, Doc. No. 41-2.)

[8] (*See* Mot. 2, Doc. No. 41; Ex. 2 to Mot., Timmons Dep. 39:11–16, 40:8–9, Doc. No. 41-2.)

[9] (*See* Mot. 1–2, Doc. No. 41.)

LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[10]  Relevance in the discovery context is "to be construed broadly to encompass any matter that bears on, or that reasonably could bear on any party's claim or defense."[11]

And Rule 30(c)(2) of the Federal Rules of Civil Procedure only permits counsel to instruct a deponent not to answer "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[12]  In every other circumstance, objections, "whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection."[13]

ANALYSIS

UPHE seeks an order compelling production of a settlement agreement between Defendants and Harley-Davidson, Inc., and seeks to reopen Defendant Joseph Timmons' deposition to permit further questioning about the agreement.  Both requests are justified.  The settlement agreement is responsive and relevant.  And Mr. Timmons was improperly advised not to answer questions about it.

---

[10] Fed. R. Civ. P. 26(b)(1).

[11] *Allegis Inv. Servs. v. Arthur J. Gallagher & Co.*, No. 2:17-cv-00515, 2018 U.S. Dist. LEXIS 243885, at *6 (D. Utah May 25, 2018) (unpublished) (citation omitted).

[12] Fed. R. Civ. P. 30(c)(2).

[13] *Id.*

**Settlement Agreement.**   UPHE contends the settlement agreement between Harley-Davidson, Inc., and Defendants is relevant because: (1) it relates to the same e-commerce platform Defendants used to sell aftermarket defeat parts, (2) it may relate to Harley-Davidson, Inc.'s interest in curbing those sales, and (3) it may provide evidence of Defendants' profits from those sales and compensation they received for their termination, relevant to the assessment of civil penalties.[14]

Defendants contend the settlement agreement was not produced because it is not responsive to any discovery requests.[15]  Further, they argue the agreement is irrelevant because it reflects the resolution of an unrelated, commercial dispute which had nothing to do with emissions or aftermarket parts sales.[16]  Defendants support this assertion with a declaration from a Harley-Davidson, Inc. employee who attests the agreement makes no reference to Defendants' aftermarket parts sales.[17]

As an initial matter, the settlement agreement is directly responsive to a pending discovery request.  In RFP 11, UPHE requested "all documents that set forth or pertain to [Defendants'] business/dealership relationship with the entity or entities that manufacture Harley-Davidson motorcycles, including contracts and agreements, and any amendments thereto,

---

[14] (Mot. 2–3, Doc. No. 41.)

[15] (Defs.' Opp'n to Pl.'s Short Form Mot. to Compel Produc. of Doc. and Reconvene Dep. ("Opp'n") 2–3, Doc. No. 43.)

[16] (*Id.* at 3.)

[17] (Ex. E to Opp'n, Decl. of Craig Greenwood ¶ 5, Doc. No. 43-5.)

in effect within the applicable period."[18]  According to Defendants, the settlement agreement at issue resulted from a lawsuit by Harley-Davidson of Salt Lake City, LLC, against Harley-Davidson, Inc., alleging breach of contract in relation to the online sales platform.[19]  Where the agreement pertains to the business relationship between Defendants and Harley-Davidson, Inc., it falls within the reach of this RFP.

The agreement is also relevant to UPHE's claims, based on Mr. Timmons' testimony.  In its complaint, UPHE alleges Defendants sold aftermarket defeat parts on their website "over the last five years."[20]  Mr. Timmons testified that Defendants stopped all internet sales at the end of 2022 because "Harley-Davidson asked us to do it."[21]  He also asserted that whether Harley-Davidson paid Defendants to stop was confidential.[22]  Although Defendants deny the settlement agreement relates to aftermarket parts, Mr. Timmons testified Defendants stopped all internet sales pursuant to this agreement with Harley-Davidson.[23]  And Defendants and Harley-Davidson entered into this agreement only after UPHE filed this suit against Defendants.[24]  Under the circumstances, UPHE is entitled to investigate how the agreement impacted Defendants'

---

[18] (Ex. 1 to Mot., Pl.'s Reqs. to Def. Harley-Davidson of Salt Lake City, LLC for Produc. of Docs., First Set, Doc. No. 41-1.)

[19] (Opp'n 2, Doc. No. 43.)

[20] (Compl. ¶¶ 99–101, 122–24, Doc. No. 2.)

[21] (Ex. 2 to Mot., Timmons Dep. 35:15–21, Doc. No. 41-2.)

[22] (*Id.*)

[23] (*Id.*)

[24] (*See* Opp'n 2, Doc. No. 43 (noting the case was dismissed pursuant to a stipulated motion in December 2022).)

decision to stop all sales (including sales of aftermarket defeat parts) on its e-commerce platform.  Accordingly, Defendants must produce the agreement to UPHE.

**Mr. Timmons' Deposition.**  Next, UPHE contends it was improper for Defendants' counsel to instruct Mr. Timmons not to answer questions regarding the agreement based on confidentiality.[25]  UPHE also points out that Defendants' counsel identified no privilege, court-imposed limit, or evidence of bad faith when instructing Mr. Timmons to not answer.[26]  Finally, UPHE argues the protective order in this case addresses any confidentiality concerns.[27]

Defendants argue it was proper for counsel to instruct Mr. Timmons not to answer questions about the agreement because Mr. Timmons referenced the agreement's confidentiality clause and counsel knew it was likely Defendants would need to give Harley-Davidson notice under the agreement.[28]

Counsel's instruction to Mr. Timmons not to answer questions regarding the agreement during his deposition was improper under Rule 30(c)(2).  Unless a party identifies a valid privilege or prior limitation ordered by the court, or files a motion to terminate or limit the deposition under Rule 30(d)(3), the deposition must proceed, subject to the objection.[29]  In this case, Defendants neither identified a privilege or prior limitation, nor filed a motion.  Instead, they merely cited the confidentiality provision in the agreement.  But a private confidentiality

---

[25] (Mot. 2, Doc. No. 41.)

[26] (*Id.*)

[27] (*Id.*; *see also* Scheduling Order 3, Doc. No. 24 (noting the parties have agreed to the court's Standard Protective Order).)

[28] (Opp'n 2, Doc. No 43.)

[29] *See* Fed. R. Civ. P. 30(c)(2).

agreement is not a valid basis, on its own, to refuse to answer deposition questions.  If Mr.

Timmons needed time to provide Harley-Davidson with notice before answering questions about

the agreement, Defendants could have filed a motion under Rule 30(d)(3)(A).  Further,

Defendants' confidentiality concerns can be addressed under the Standard Protective Order,

which permits confidential and "attorneys' eyes only" designations of documents.[30]

For these reasons, Mr. Timmons must submit to a continued deposition of no more than

thirty minutes, to permit further questioning regarding this agreement.

CONCLUSION

Because the settlement agreement is relevant to UPHE's claims and responsive to RFP

11, and Defendants' counsel's instruction to Mr. Timmons not to answer questions about the

agreement was improper, UPHE's motion to compel[31] is GRANTED.[32]  Defendants are

ORDERED to produce the agreement within fourteen days of the hearing.  The parties are

ORDERED to meet and confer regarding the method of production in light of the confidentiality

concerns expressed by Defendants and nonparty Harley-Davidson, Inc. at the hearing.

---

[30] *See Standard Protective Order*,
https://www.utd.uscourts.gov/sites/utd/files/Standard_Protective_Order.pdf; *see also* DUCivR
26-2.

[31] (Doc. No. 41.)

[32] Defendants request an award of attorney fees incurred in responding to the motion.  (Opp'n 3,
Doc. No. 43.)  Because the motion is granted, this request is denied.

Defendants are further ORDERED to make Mr. Timmons available for a continued deposition of no more than thirty minutes regarding the agreement.

DATED this 18th day of October, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

8