UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON OF SALT LAKE CITY, LLC (d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop); NORTHERN UTAH POWER SPORTS, LLC (d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson); and JOSEPH L. TIMMONS, JR.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO ALLOW SETTLEMENT AGREEMENT TO BE ATTACHED TO DEFENDANT TIMMONS' DEPOSITION (DOC. NO. 65)**<br><br>Case No. 2:22-cv-00473<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Utah Physicians for a Healthy Environment ("UPHE") filed a discovery motion seeking to allow UPHE to mark and attach a settlement agreement between Defendants and a nonparty as an exhibit to the upcoming continued deposition of Defendant Joseph Timmons.[1] For the reasons explained below, the motion is granted.

The court previously ordered Defendants to produce the settlement agreement to UPHE but required the parties to meet and confer regarding the method of production in light of confidentiality concerns expressed by Defendants and the nonparty.[2] The court also permitted a

---

[1] (Pl.'s Expedited Short Form Disc. Mot. to Allow Settlement Agreement to Be Attached to Def. Timmons' Dep., Doc. No. 65.)

[2] (*See* Mem. Decision and Order Granting Pl.'s Short Form Disc. Mot. to Compel Prod. of Doc. and Reconvene Dep. 7, Doc. No. 64.)

1

continued deposition of Mr. Timmons regarding the agreement.[3] Defendants subsequently produced the agreement to UPHE in password-protected electronic format, designated as "attorneys' eyes only" under the Standard Protective Order.[4] However, Defendants oppose permitting the agreement to be marked and attached as an exhibit to Mr. Timmons' deposition, arguing it is sufficient for the agreement to be shared on a screen during the deposition (which will take place remotely).[5]

Rule 30(f)(2)(A) of the Federal Rules of Civil Procedure requires that "[d]ocuments and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition."[6] This provision requires documents presented to a deponent during a deposition to be marked and attached as exhibits to the deposition.[7] Pursuant to this rule, if UPHE presents the agreement to Mr. Timmons for review and questioning, UPHE must also be permitted to mark and attach the agreement as an exhibit to Mr. Timmons' deposition. Defendants fail to demonstrate grounds to depart from the requirements

---

[3] (*Id.* at 8.)

[4] (*See* Defs.' Opp'n to Pl.'s Expedited Short Form Disc. Mot. to Allow Settlement Agreement to Be Attached to Def. Timmons' Dep. 2, Doc. No. 67.)

[5] (*See id.* at 2–3.)

[6] Fed. R. Civ. P. 30(f)(2)(A).

[7] Although Defendants argue for a more restrictive interpretation of Rule 30(f)(2)(A), courts have applied this provision broadly to all documents presented to the deponent. *See, e.g.*, *Anchondo-Galaviz v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-01322-JLK-NYW, 2019 U.S. Dist. LEXIS 124905, at *4–5 (D. Colo. July 26, 2019) (unpublished) ("When an attorney taking a deposition questions the deponent with reference to extrinsic documents, those documents must be marked for inspection, attached to the deposition, and available for inspection and copy."); *Hiramanek v. Clark*, No. 13-cv-00228-RMW, 2015 U.S. Dist. LEXIS 144555, at *4 (N.D. Cal. Oct. 21, 2015) (unpublished) (citing Rule 30(f)(2) for the proposition that counsel "must identify and mark all exhibits provided to witnesses").

of Rule 30, and the protections afforded by the Standard Protective Order are sufficient to address any confidentiality concerns. The agreement and any portions of the deposition discussing it must be treated as "attorneys' eyes only" under the Standard Protective Order pursuant to Defendants' designation.

Accordingly, UPHE's motion is granted, and UPHE is permitted to mark and attach the settlement agreement as an exhibit to Mr. Timmons' deposition.

DATED this 25th day of October, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge