| | | |
|---|---|---|
| Reed Zars | George E. Hays | Michelle Fein |
| Utah Bar No. 16351 | Attorney at Law | Utah Bar No. 18065 |
| Attorney at Law | P.O. Box 843 | 50 W Broadway, Suite 333 |
| 910 Kearney Street | Bellevue, WA 98009 | PMB 49891 |
| Laramie, WY 82070 | (415) 716-9159 | Salt Lake City, UT 84101 |
| (307) 760-6268 | georgehays@mindspring.com | (610) 761-7643 |
| reed@zarslaw.com | (Admitted pro hac vice) | michelle@fein.law |

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HARLEY-DAVIDSON OF SALT LAKE CITY, LCC (d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop); NORTHERN UTAH POWER SPORTS, LLC (d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson); and JOSEPH L. TIMMONS, JR., <br><br> Defendants. | **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT TO ESTABLISH DEFENDANT JOSEPH TIMMONS' LIABILITY** <br><br><br> Case No. 2:22-cv-00473-DBB-DAO <br><br><br> Judge David B. Barlow <br> Magistrate Judge Daphne A. Oberg |

## I.   INTRODUCTION AND REQUESTED RELIEF

Plaintiff Utah Physicians for a Healthy Environment ("UPHE") respectfully moves for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and DUCivR 56-1, to establish Defendant Joseph L. Timmons, Jr.'s liability as a responsible corporate officer.  Mr. Timmons is responsible for the violations of his dealerships under the Clean Air Act, Utah SIP, and Noise Control Act, including removing pollution and noise control systems or devices from new and used motorcycles, selling aftermarket devices

that defeat emission controls, and owning, operating and/or using motorcycles without all of their air and noise pollution control systems and devices maintained in an operable condition.  *See generally* Third, Sixth, Ninth, and Eighteenth Causes of Action, Compl., ECF No. 2.

UPHE asserts there are no material facts in dispute regarding Mr. Timmons' comprehensive control over his dealerships, his obligation to ensure his dealerships comply with the Utah SIP, the Clean Air Act and the Noise Control Act, and his failure to ensure such compliance.  Thus, the Court should hold Mr. Timmons jointly and severally liable for each of his dealerships' violations as a matter of law.

## II.     Statement of Undisputed Facts as to Defendant Timmons

1.      Defendant Joseph Timmons is majority owner of Defendants Harley-Davidson of Salt Lake City, LLC (d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop) and Northern Utah Power Sports, LLC (d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson).  Ans. to Pl.'s Interrog. No. 2 to Def. Timmons, First Set, Appendix of Evidence (AOE) Ex. 11; Dep. of Joseph Timmons, 5:22-6:7, AOE Ex. 13; Decl. of Timmons in Supp. of Defs' Opp'n to Pl.'s Mot. for Prelim. Inj. ¶ 2, ECF No. 69-1, AOE Ex. 14.

2.      Mr. Timmons holds all voting power for both Harley-Davidson of Salt Lake City and Northern Utah Power Sports.  Ans. to Pl.'s Interrog. No. 2 to Def. Timmons, First Set, Ex. 11.

3.      Mr. Timmons has owned the Harley-Davidson motorcycle dealerships for more than 40 years.  He bought his longest continuously running storefront, Harley-Davidson of Salt Lake City, in 1984.  Timmons Dep., 9:21-10:23, AOE Ex. 13.

2

4.Mr. Timmons is directly involved in hiring the store and shop managers for Harley-Davidson of Salt Lake City and Northern Utah Power Sports. He also is directly involved in hiring the parts manager who covers both entities. Ans. to Pl.'s Interrog. No. 4 to Def. Timmons, First Set, AOE Ex. 11.

5.Mr. Timmons stays in contact with his store managers on weekly basis and is present at the dealerships at least once a week and up to three days a week. Dep. of Mike Udy, 30:16-31:4, AOE Ex. 15; Dep. of Troy Spratt, 9:14-17, AOE Ex. 16.

6.Mr. Timmons was aware that non-Harley Davidson aftermarket exhaust systems were being sold and installed at his dealerships. Ans. to Pl.'s Interrog. No. 14 to Def. Timmons, Second Set, AOE Ex. 12; Decl. of Timmons in Supp. of Defs' Opp'n to Pl.'s Mot. for Prelim. Inj. ¶ 6, ECF No. 69-1, AOE Ex. 14.

7.Mr. Timmons knows that original equipment manufacturer (OEM) exhaust systems can contain one or more catalytic converters and that his dealerships "sometimes removed OEM exhaust systems during the applicable period [of this lawsuit]." Ans. to Pl.'s Interrog. Nos. 16 & 17 to Def. Timmons, Second Set, AOE Ex. 12. Mr. Timmons also knows that aftermarket exhaust systems without catalytic converters can replace OEM exhaust systems with catalytic converters. *Id.* at Ans. No. 18, AOE Ex. 12.

8.Mr. Timmons was aware that his dealerships sold and installed aftermarket exhaust systems without catalytic converters that replaced OEM exhaust systems with catalytic converters. *Id.* at Ans. No. 20, AOE Ex. 12.

9.Mr. Timmons' Salt Lake City dealership admits that it has "repeatedly sold and/or installed aftermarket 'full' and 'slip-on' exhaust parts that do not have catalytic converters." Compl. ¶ 102, ECF No. 2; Ans. ¶ 35, ECF No. 21.

10.    Mr. Timmons admits that he has the authority to prevent the sale of aftermarket parts at his dealerships.  Timmons Dep. 91:1-4, AOE Ex. 13.

11.    Mr. Timmons admits that he personally selects and buys used motorcycles with defeat parts at motorcycle auctions across the country to be re-sold at his dealerships. Timmons Dep., 53:9-54:11, AOE Ex. 13.  Mr. Timmons admits that he re-sells both the motorcycles and their defeat parts as a package deal.  Timmons Dep. 82:7-12, AOE Ex. 13.

12.    After EPA's 2017 Clean Air Act enforcement action against Harley-Davidson Motor Company for selling electronic tuners that defeated emission control settings in motorcycles, Mr. Timmons did not seek out additional information or education on the air and noise emissions requirements applicable to his dealerships.  Timmons Dep. 75:12-17, AOE Ex. 13.

13.    Mr. Timmons admits he is "aware of no aftermarket parts manufacturers who place [noise control] labels on their exhausts."  Decl. of Timmons in Supp. of Defs' Opp'n to Pl.'s Mot. for Prelim. Inj. ¶ 9, ECF No. 69-1, AOE Ex. 14.

### III.    ARGUMENT

**Joseph Timmons is Jointly and Severally Liable as a Responsible Corporate Officer for the Utah SIP, Clean Air Act, and Noise Control Act Violations of his Dealerships**

Defendant Timmons is a Responsible Corporate Officer of the corporate defendants in this matter.  Mr. Timmons has full control over his dealerships, and he knew about, participated in, and failed to stop their Utah SIP, Clean Air Act, and Noise Control Act violations.  Simply put, Mr. Timmons failed to use his controlling leadership authority to prevent his dealerships from violating the law and therefore should be held jointly and severally liable for the violations his dealerships committed as a matter of law.

A corporate officer may be held liable for the violations of the corporations they lead as a "responsible corporate officer" when they "knew of the facts underlying the violations; . . . had the ability to prevent and correct the violations; and failed to do so." *Utah Physicians for a Healthy Env't v. Diesel Power Gear LLC*, 374 F. Supp. 3d 1124, 1138 (D. Utah 2019); *see also id.* at 1137 n.68 (citing additional cases that hold the responsible corporate officer doctrine applies in civil actions to enforce federal environmental laws like the Clean Air Act and Clean Water Act).

Earlier, the district court in *United States v. Mac's Muffler Shop, Inc.*, No. C85-138R, 1986 WL 15443, (N.D. Ga. 1986), found a defendant personally liable under the Clean Air Act because "as president, sole owner and manager of Mac's [he] was in a position to prevent removals of catalytic converters by Mac's." *Id.* at *7. This is consistent with the broad reach and purpose of the Clean Air Act: "the act imposes not only a positive duty to seek out and remedy violations when they occur but also, and primarily, a duty to implement measures that will insure violations will not occur," *Diesel Power Gear*, 374 F. Supp. 3d at 1138 (quoting H.R. Rep. 95-294, at 1149 (1977)).

As a responsible corporate officer, Mr. Timmons should be held personally liable for his dealerships' violations of the Utah SIP, at Utah Admin. Code R307-201-2, Clean Air Act, at 42 U.S.C. § 7522(a)(3)(B), and the Noise Control Act at 42 U.S.C. § 4909(a)(2)(B), including the dealerships' removal of, or rendering inoperative, emission control systems from motorcycles; owning or operating motorcycles without their emission controls; sale and installations of aftermarket defeat parts; and using motorcycles after one or more noise control devices had been removed.

Mr. Timmons admits that he has complete authority, as the majority owner of the dealerships and their holding companies, with all of the voting power, to prevent or correct their Clean Air Act, Utah SIP, and Noise Control Act violations.  Statement of Facts (SOF) ¶¶ 1, 2, & 10; AOE Exs. 11, 13, 14.  UPHE has also amply shown that he has failed to exercise that authority here, considering these violations span years and could not have gone unnoticed.  Mr. Timmons is well aware of his dealerships' sale of the used motorcycles *he bought with defeat parts at auction*, but still he has not stopped this patently illegal practice.  *See* ECF No. 49 (Pl.'s Mot. for a Preliminary Injunction).

The undisputed facts also show that Mr. Timmons has knowledge, actual and constructive, of the facts giving rise to these violations.  He buys motorcycles that he knows are equipped with defeat devices—devices that increase both air and noise emissions—and sells them. SOF ¶ 11; AOE Ex. 13.  No corporate officer could be more actively and knowingly engaged in such prohibited transactions.

Mr. Timmons is actively involved with the dealerships: he is present in the stores one to three days a week, personally hired his store and parts managers, and stays in contact with them on a weekly basis.  SOF ¶¶ 4-5; AOE Exs. 11, 16.  He is aware that his stores sell and install aftermarket parts.  SOF ¶ 6; AOE Exs. 12, 14.  He is aware that non-Harley Davidson aftermarket exhaust systems were sold and installed at the dealerships; that the dealerships sometimes removed OEM exhaust systems; that aftermarket exhaust systems without catalytic converters can replace OEM exhaust systems; that the dealerships sold and installed aftermarket exhaust systems without catalytic converters that replaced OEM exhaust systems with catalytic converters; and that the dealership sells motorcycles with

6

aftermarket parts that lack noise control labels on the exhausts. SOF ¶¶ 6-9, 13; AOE Exs. 12, 14; Compl. ¶ 102, ECF No. 2; Ans. ¶ 35, ECF No. 21.

The evidence shows Mr. Timmons has long been "aware" of air and noise emissions regulations applicable to his businesses, even if has willfully failed to seek out further information on what those obligations are or how to comply with them. SOF ¶ 12, AOE Ex. 13. Mr. Timmons is under a positive obligation to inform himself of his Clean Air Act and Noise Control Act obligations and ensure they do not occur. *See Diesel Power Gear*, 374 F. Supp. 3d at 1138 (quoting H.R. Rep. 95-294, at 1149 (1977)).

Putting these undisputed facts together, Mr. Timmons knew about, and had the absolute authority to stop his dealerships' Clean Air Act, Utah SIP, and Noise Control Act violations, , and yet he has failed to exercise that authority for years. As the responsible corporate officer, the Court should hold Mr. Timmons joint and severally liable for the dealerships' Utah SIP, Clean Air Act and Noise Control Act violations.

## IV. CONCLUSION

UPHE's motion for summary judgment demonstrates Joseph Timmons is a responsible corporate officer and therefore is personally liable for his dealerships' violations of the Utah SIP, Clean Air Act and Noise Control Act. There being no material facts in dispute, UPHE's motion should be granted as a matter of law.

DATED this 6th day of December, 2023.

7

Respectfully submitted,

  /s Reed Zars
Reed Zars
Utah Bar No. 16351
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 760-6268
reed@zarslaw.com


  /s George Hays
George E. Hays
Attorney at Law
P.O. Box 843
Bellevue, WA 98009
(415) 716-9159
georgehays@mindspring.com
(Admitted pro hac vice)

  /s  Michelle Fein
Michelle Fein
Utah Bar No. 18065
50 W Broadway, Suite 333
PMB 49891
Salt Lake City, UT 84101
(610) 761-7643
michelle@fein.law