Reed Zars  
Utah Bar No. 16351  
Attorney at Law  
910 Kearney Street  
Laramie, WY 82070  
(307) 760-6268  
reed@zarslaw.com  

George E. Hays  
Attorney at Law  
P.O. Box 843  
Bellevue, WA 98009  
(415) 716-9159  
georgehays@mindspring.com  
(Admitted pro hac vice)  

Michelle Fein  
Utah Bar No. 18065  
50 W Broadway, Suite 333  
PMB 49891  
Salt Lake City, UT 84101  
(610) 761-7643  
michelle@fein.law  

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HARLEY-DAVIDSON OF SALT LAKE CITY, LCC (d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop); NORTHERN UTAH POWER SPORTS, LLC (d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson); and JOSEPH L. TIMMONS, JR., <br><br> Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY** <br><br> Case No. 2:22-cv-00473-DBB-DAO <br><br> Judge David B. Barlow <br><br> Magistrate Judge Daphne A. Oberg |

The purpose of a surreply is to provide the nonmoving party "an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). Because Defendants have already moved to exclude purported new material in UPHE's reply, ECF No. 75, and because Defendants'

-1-

instant motion for surreply fails to identify any other claimed new material to reply to or exclude, Defendants' motion should be denied.[1]  ECF. No. 84.

Defendants' motion, however, is not really a motion for surreply but a motion to dismiss.  This is because Defendants' motion to file a "surreply" seeks to "defeat" UPHE's claims in the group's motion for preliminary injunction altogether.  In support of this objective, Defendants market the novel theory that because UPHE's exemplars of air and noise pollution violations in its motion for preliminary injunction were not subsequently included in its motion for summary judgment, they have been abandoned and should be dismissed as "claims [UPHE] is not bringing in the case." Mot. 2, 4.

Viewed more accurately as a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), Defendants' motion should be denied because:

1. UPHE has not failed to prosecute the July 11 inspection violations simply because they were not included in UPHE's motion for summary judgment.  UPHE is actively prosecuting those alleged violations in the pursuit of preliminary injunctive relief by showing the likelihood they and similar violations (that the Defendants continue to commit) will be found as violations on the merits.  Moreover, UPHE has the right to seek both permanent injunctive and civil penalty relief applicable to those same alleged violations at trial.  *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, 561 F.3d 1340, 1345

---

[1] Defendants' inability to identify "new material" in UPHE's reply is understandable. UPHE's disclosure of the evidence presented in its November 22, 2023 reply includes, (1) UPHE's July 30, 2023 disclosure of ongoing Clean Air Act and Noise Control Act violations at Defendants' Salt Lake City dealership discovered in UPHE's July 11, 2023 site inspection, (2) UPHE's August 16, 2023 expert report of Dr. St. Denis that identified each of the July 11 violations with specificity, (3) UPHE's September 12, 2023 rebuttal report of Dr. St. Denis that further discussed his inspection methods and exhaust part testing requirements, and (4) the November 2, 2023 deposition testimony of Dr. St. Denis himself.

(Fed. Cir. 2009) ("[I]t is clear that the failure to move for summary judgment on a claim does not indicate an intent to abandon that claim."). See also, ECF No. 70, p.1, "UPHE's motion is limited to Defendants' sales of used motorcycles and does not seek other relief to which UPHE is entitled, including civil penalty relief payable to the federal treasury."

2. In UPHE's November 30, 2023 email to Defendants, ECF No. 77-1, UPHE neither expressed nor implied any intent to drop its prosecution of any violations. As its email shows, UPHE agreed to a mutual limit on the proof and defense of violations subject to summary judgment, the filing deadline for which was six days away, to those currently identified in the parties' spreadsheets. *Id.* UPHE's agreement was solely intended to define the bounds of summary judgment and in no way suggested any retroactive or proactive abandonment of the prosecution of any violations—violations already subject to a pending request for injunctive relief.

## CONCLUSION

Defendants' motion, couched as a motion for surreply but in reality a motion to dismiss, is without merit and only promises to further delay the court's consideration of UPHE's motion for a preliminary injunction.[2] For these reasons, the Court should deny Defendants' motion forthwith.

---

[2] UPHE filed its motion for a preliminary injunction on September 28, 2023. Defendants' first motion to delay the preliminary injunction briefing for five weeks was granted. ECF No. 60. Defendants' second motion to delay this matter for an additional three months was denied last week due to Defendants' failure to show good cause. ECF No. 78. Defendants' current motion is already accomplishing the delay they were denied a week ago; this delay will continue, without any showing of good cause, until this motion too is denied.

DATED this  12th day of December, 2023

                                            Respectfully submitted,

                                             /s Reed Zars  
                                            Reed Zars  
                                            Utah Bar No. 16351  
                                            Attorney at Law  
                                            910 Kearney Street  
                                            Laramie, WY 82070  
                                            (307) 760-6268  
                                            reed@zarslaw.com

                                             /s George Hays  
                                            George E. Hays  
                                            Attorney at Law  
                                            P.O. Box 843  
                                            Bellevue, WA 98009  
                                            (415) 716-9159  
                                            georgehays@mindspring.com  
                                            (Admitted pro hac vice)

                                             /s  Michelle Fein  
                                            Michelle Fein  
                                            Utah Bar No. 18065  
                                            50 W Broadway, Suite 333  
                                            PMB 49891  
                                            Salt Lake City, UT 84101  
                                            (610) 761-7643  
                                            michelle@fein.law