THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HARLEY-DAVIDSON OF SALT LAKE CITY, LLC d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop; NORTHERN UTAH POWER SPORTS, LLC d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson; and JOSEPH L. TIMMONS JR., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [119] PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> Case No. 2:22-cv-00473-DBB-DAO <br><br> District Judge David Barlow |

Before the court is Plaintiff Utah Physicians for a Healthy Environment's ("UPHE") motion to reconsider the court's ruling[1] that UPHE had not demonstrated its standing to assert claims under the Noise Control Act ("NCA").[2] For the following reasons, the court denies UPHE's motion.

## BACKGROUND

The court need not recite at length the background to this case previously discussed at summary judgment.[3] In essence, UPHE is a civic organization dedicated to addressing public

---

[1] Memorandum Decision and Order Denying [49] Pl.'s Expedited Mot. for Preliminary Injunction, Granting [79] Pl.'s Partial Mot. to Exclude the Expert Testimony of Christian Lindhjem, Granting in Part and Denying in Part [82] Defendants' Mot. for Summ. J., Granting in part and Denying in Part [83] Defendants' Mot. to Exclude Expert Testimony of Michael St. Denis, Denying [93] Pl.'s Mot. for Summ. J. ("Mem. Dec."), ECF No. 118.
[2] Pl.'s Mot. for Reconsideration ("Pl.'s Mot."), ECF No. 119.
[3] *See* Mem. Dec. 2–6.

1

health issues in Utah that are caused by environmental harms.[4] Mr. Timmons is the majority owner of both Harley Davidson of Salt Lake City and Northern Utah Power Sports (collectively "Defendants").[5] Both of those entities own and operate two Harley-Davidson dealerships in Utah.[6] UPHE sued Defendants in July 2022, alleging, among other things, claims under the anti-tampering provisions of the NCA.[7] In essence, UPHE accuses Defendants of removing or rendering inoperative parts of motorcycles meant to ensure compliance with federal noise standards set by the NCA and its implementing regulations.[8]

## SUMMARY JUDGMENT ORDER

On the parties' cross-motions for summary judgment, the court held, in pertinent part, that UPHE failed to demonstrate its standing to assert NCA claims.[9] Standing, under Article III, requires that the plaintiff prove three elements: (1) an actual or imminent injury in fact; (2) that the plaintiff's injury was caused or likely will be caused by the defendant's wrongful conduct; and (3) that the injury will likely be redressed by a favorable court order.[10] And when the plaintiff is an organization suing on behalf of one of its members, Article III requires: (1) that the organization's members would have standing in their own right; (2) that the interests sought to be protected are germane to the organization's purpose; and (3) that neither the claim nor the requested relief would require participation of individual members in the lawsuit.[11] In addition,

---

[4] *Id.* at 4.
[5] *Id.*
[6] *Id.*
[7] *Id.* at 4–5.
[8] *Id.* at 5; *see also* 42 U.S.C. § 4905; 40 C.F.R. §§ 205.152, 205.166.
[9] Mem. Dec. at 18–22.
[10] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 380 (2024).
[11] *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

in cases such as this, which involve a number of claimed violations of a single statute, a plaintiff must demonstrate standing for each alleged violation, not just each alleged claim.[12]

Here, the court held that with respect to UPHE's NCA claims, UPHE had failed to demonstrate that Defendants' alleged wrongful conduct caused its members' injuries.[13] Relying on both Supreme Court and Tenth Circuit precedent, the court wrote that causation requires that UPHE prove that its members' injuries be "fairly traceable" to the alleged wrongful conduct.[14] The court observed that while UPHE's members had submitted declarations stating that they suffer injuries related to loud motorcycles, UPHE had not connected those injuries to any motorcycles sold or modified by Defendants that are the subject of this case.[15]

## MOTION FOR RECONSIDERATION STANDARD

UPHE moves the court to reconsider. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[16] Such motions are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[17]

---

[12] *Utah Physicians for a Healthy Env't v. Diesel Power Gear*, 21 F.4th 1229, 1248 (10th Cir. 2021).
[13] Mem. Dec. 18–22.
[14] Mem. Dec. 18 (citing *Utah Physicians for a Healthy Environment v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1242 (10th Cir. 2021); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)).
[15] *Id.* at 20–22.
[16] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).
[17] *Id.*

## DISCUSSION

UPHE argues that there has been an intervening change in controlling law. According to UPHE, the Supreme Court in *FDA v. Alliance for Hippocratic Medicine* recently clarified that "plaintiffs can demonstrate the 'fairly traceable' prong of standing by showing a 'sufficiently predictable' connection between plaintiff's injuries and a defendant's alleged illegal acts."[18] There, the Court wrote that causation for purposes of Article III standing "precludes speculative links—that is, where it is not *sufficiently predictable* how third parties" will act, standing will be lacking.[19] Despite using a phrase not before used in the Court's standing jurisprudence, *Alliance for Hippocratic Medicine* did not effect a sea change in how Article III treats standing when a third party's decision may be an intervening cause. Instead, the Court was merely explicating its earlier cases, such as *Clapper v. Amnesty International*[20] and *Allen v. Wright*,[21] which focus on speculative links in a causal chain. At bottom, the causation element requires that UPHE show that its members' injuries were caused or likely will be caused by Defendants' conduct.[22] At summary judgment, it failed to do so, and none of the arguments presented in its motion to reconsider are persuasive.

At summary judgment, UPHE did not identify record evidence that any of its members have been injured by a motorcycle sold or modified by Defendants.[23] Instead, UPHE seeks a geographic presumption that its members had been or likely would be injured by motorcycles

---

[18] Pl.'s Mot. 2 (quoting *Alliance of Hippocratic Medicine*, 602 U.S. at 383).
[19] *Alliance for Hippocratic Medicine*, 602 U.S. at 383 (emphasis added).
[20] 568 U.S. 398 (2013).
[21] 468 U.S. 737 (1984).
[22] *See Alliance for Hippocratic Medicine*, 602 U.S. at 382.
[23] *See* Mem. Dec. 20–22; *cf.* Pl.'s Mot. 2–4 (arguing that because Defendants claim to have a large inventory and have caused many NCA violations, and because its members have been injured by similar motorcycles, its members' injuries were caused by Defendants).

sold or modified by Defendants simply because UPHE's members live near Salt Lake City, and many of the motorcycles sold by Defendants will almost certainly be operated in or around Salt Lake City.[24] But, as the court pointed out in its prior decision, UPHE did not demonstrate that noise—unlike chemical pollution emitted into the air and water—has a lasting impact within a geographic area.[25] And UPHE did not identify any record evidence at summary judgment that it was likely that a motorcycle sold or modified by Defendants had driven past one of its members who declared they were injured by loud motorcycles or that such a motorcycle would likely drive past one of those members in the near future. Binding precedent dictates that standing is "not dispensed in gross,"[26] but instead on a violation-by-violation basis.[27] UPHE failed to meet its burden on the specific claims in this case.

UPHE also makes a new effort to demonstrate standing for the test motorcycle it purchased. In its Reply in Support of Reconsideration ("Reply"), UPHE attaches a Supplemental Declaration of Kirtly Parker Jones, which states for the first time that Dr. Jones "experienced the painful noise of the Test Motorcycle as it was driven up Emigration Canyon on July 11, 2023."[28] On a motion for reconsideration, a court may consider "new evidence previously unavailable."[29] But UPHE does not explain how this belated declaration was "previously unavailable." Instead, it appears clear that UPHE has known all along that Dr. Jones was present at the test it arranged.

---

[24] *See* Mem. Dec. 18–20; Pl.'s Mot. 2–4.
[25] *See* Mem. Dec. 19–20 ("There is no record evidence that the noise emitted from the motorcycles . . . otherwise impacts those that are not in the immediate presence of the noise when it is emitted.").
[26] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).
[27] *Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1248 (10th Cir. 2021).
[28] Pl.'s Reply 2 n.1, ECF No. 125, filed August 14, 2024 (citing Supp. Decl. of Kirtly Parker Jones, dated August 14, 2024, ECF No. 125-1).
[29] *Servants of Paraclete v. Does*, 204 F.3d at 1012.

Accordingly, it is inappropriate to consider these "supporting facts which were available at the time of the original motion."[30] This is especially true given that discovery deadlines and dispositive motion deadlines have all passed.

Finally, UPHE suggests that the court's holding will "frustrate citizen enforcement of federal noise control violations by placing an impossible task on UPHE members to distinguish between Defendants'" motorcycles and those modified by others.[31] The Supreme Court has long stated, including as recently as earlier this year in *FDA v. Alliance for Hippocratic Medicine*, that "'[t]he assumption that if these plaintiffs lack standing to sue, no one would have standing, is not a reason to finding standing.'"[32] Moreover, UPHE does not identify any reason to believe additional efforts could not result in evidence establishing standing for specific violations, even if that required significant efforts. That it failed to establish standing on the shallow record in this case does not make the task "impossible." The court cannot speculate that nothing more could be done to demonstrate the required causal link, but simply notes that what was done here was insufficient.

Article III limits the court's power to hear only those cases and controversies in which the plaintiff can establish that the alleged wrongful conduct has caused or will likely cause its injuries. The court is not free to disregard the standing requirement. Here, UPHE failed to make that showing, and summary judgment on its NCA claims was proper.

---

[30] *Id*. Because the court does not consider the late declaration, it does not address Defendants' additional argument that the injury is self-inflicted. *See* Sur-Reply 3, ECF No. 130.
[31] Pl.'s Mot. 3–4.
[32] *Alliance for Hippocratic Medicine*, 602 U.S. at 370 (internal quotations omitted) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 227 (1974); *see also Clapper*, 568 U.S. 398, 420 (quoting *Valley Forge Christian College v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 489 (1982)); *Thole v. U.S. Bank, N.A.*, 590 U.S. 538, 544-45 (2020) (same).

Accordingly, the court DENIES UPHE's motion to reconsider.[33]

Signed October 24, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[33] ECF No. 119.