THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON OF SALT LAKE CITY, LLC d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop; NORTHERN UTAH POWER SPORTS, LLC d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson; and JOSEPH L. TIMMONS JR.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [121] PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>Case No. 2:22-cv-00473-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Plaintiff Utah Physicians for a Healthy Environment's ("UPHE") motion for clarification regarding the court's order[1] granting Defendants Harley-Davidson of Salt Lake City, LLC, Northern Utah Power Sports, LLC, and Joseph Timmons, Jr.'s (collectively "Defendants") motion to exclude a portion of an expert opinion offered by Dr. Michael St. Denis.[2] Although it is titled a motion for clarification, it more closely resembles a motion for reconsideration, particularly given that UPHE states in its Reply[3] (for the first time) that it relies on Federal Rule of Civil Procedure 54(b). On November 15, 2024, the court held oral argument. For the following reasons, the court denies UPHE's motion.

---

[1] Memorandum Decision and Order Denying [49] Pl.'s Expedited Mot. for Preliminary Injunction, Granting [79] Pl.'s Partial Mot. to Exclude the Expert Testimony of Christian Lindhjem, Granting in Part and Denying in Part [82] Defendants' Mot. for Summ. J., Granting in Part and Denying in Part [83] Defendants' Mot. to Exclude Expert Testimony of Michael St. Denis, Denying [93] Pl.'s Mot. for Summ. J. ("Mem. Dec."), ECF No. 118.
[2] Mot. for Clarification Regarding the Exclusion of Dr. St. Denis's Air Emissions Opinions ("Pl.'s Mot."), ECF No. 121.
[3] Reply in Support of Pl.'s Mot ("Pl.'s Reply"), ECF No. 126.

1

## BACKGROUND

The court need not recite the full background of this case for purposes of this motion.[4] In essence, UPHE alleged a number of Clean Air Act ("CAA") and Noise Control Act ("NCA") violations against Defendants, who are motorcycle dealerships and their owner.[5] At summary judgment, UPHE proffered the expert testimony of Dr. St. Denis.[6] In relevant part, Dr. St. Denis opined that a "test motorcycle" purchased by UPHE for this litigation was not in compliance with the CAA's emissions standards.[7] However, during the air-emissions testing, background levels of hydrocarbons exceeded the federal limit authorized for such testing.[8] Both Dr. St. Denis and the testing center admitted that the testing would have been invalid for EPA purposes.[9] However, the testing center stated in an email that the testing data could be used for "development/comparison purposes,"[10] though it did not explain why. Defendants moved to exclude Dr. St. Denis's opinion related to the test motorcycle under Rule 702.[11]

The court granted this portion of Defendants' motion to exclude.[12] In particular, the court found that UPHE had failed to show that Dr. St. Denis's opinion reflected a reliable application of reliable principles and methods under Federal Rule of Evidence 702(d).[13] The court reasoned that "[b]oth Dr. St. Denis and [the testing center] admitted that the test results were invalid for EPA purposes given that the background levels of hydrocarbons exceeded 5 parts per million."[14] The court then observed that "UPHE has not attempted to explain how high background levels of

---

[4] *See* Mem. Dec. 2–6.
[5] *See id.* 4–6.
[6] *See* St. Denis Report, ECF No. 83-1.
[7] *See id.* at ¶¶ 6–7, 29–42.
[8] *See id.* ¶¶ 31–39.
[9] *See* SGS Emails 1, ECF No. 83-5; Dep. Of Michael St. Denis 34:5–34:6, 34:22–35:7, ECF No. 83-3.
[10] SGS Emails 1.
[11] Defs.' Mot. to Exclude Expert Testimony of Michael St. Denis 9–11 ("Defs.' Mot. to Exclude"), ECF No. 83.
[12] *See* Mem. Dec. 10–12.
[13] *Id.*
[14] *Id.* at 11–12.

hydrocarbons would affect a test result, nor has it explained why the testing would be valid for comparison purposes."[15]

UPHE argues that Dr. St. Denis explained both issues in his expert report.[16] After noting that the initial test result had high background levels of hydrocarbons, in paragraph 33 of his report, Dr. St. Denis wrote:

> Elevated levels of [hydrocarbons] in the test cell have two results: 1) the concentration of [hydrocarbons] in the exhaust measured by exhaust analyzers and attributed to combustion is under-reported, and 2) the high level of [hydrocarbons] in the background air is subtracted from the level of [hydrocarbons] measured in the exhaust and artificially lowers the calculated level of emission of [hydrocarbons] from the vehicle. For these reasons, the concentration of [hydrocarbons] in the exhaust of the Test Motorcycle was under-reported. In other words, if the Test Motorcycle did not have an exhaust leak its measured [hydrocarbon] emissions would be greater.[17]

Next, in paragraph 34, he opined that "[e]ven with the exhaust leak, the emissions of [hydrocarbons plus nitrogen oxides] in the first test were 1.49 g/km, far exceeding the vehicle's certified level of 0.5 g/km, and the federal standard of 0.8 g/km."[18] UPHE points to the former as evidence that Dr. St. Denis did explain how high background levels of hydrocarbons would affect a test result, and to the latter as evidence that Dr. St. Denis explained why the tests were valid for comparison purposes.

Although Defendants attached Dr. St. Denis's expert report to their Motion to Exclude,[19] UPHE did not cite the report in its argument, let alone these particular paragraphs.[20] Nor did

---

[15] *Id.* at 12.
[16] Pl.'s Mot. 2.
[17] St. Denis Expert Report ¶ 33.
[18] *Id.* ¶ 34.
[19] Defs.' Mot. to Exclude, Ex. 1.
[20] *See* Pl. UPHE's Resp. to Defs.' Mot. to Exclude Expert Testimony of Michael St. Denis ("Pl.'s Resp."), ECF No. 105.

UPHE respond to several of Defendants' arguments on why Dr. St. Denis's air emissions opinions are unreliable.[21]

## STANDARD

Under Federal Rule of Civil Procedure 54(b), an interlocutory decision can be "revised at any time before the entry of a final judgment adjudicating all the claims." The court "is not bound by the strict standards for altering or amending a judgment under Federal Rules of Civil Procedure 59(e) and 60(b)," but the basic assessment for reconsideration remains the same.[22] The court may grant reconsideration based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice.[23] In other words, it is only appropriate in "extraordinary circumstances" when "the court has misapprehended the facts, a party's position, or the controlling law."[24]

## DISCUSSION

In its Motion for Clarification, UPHE does not state which ground for reconsideration could apply.[25] Nonetheless, it is clear that there is no new evidence or change in controlling law, nor was there clear error. Therefore, the only potential ground for reconsideration would be to prevent manifest injustice. The court first notes that a motion for reconsideration is improper when used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."[26] As such, the court could deny the motion for failing to cite the pertinent paragraphs of Dr. St. Denis's report or otherwise argue these issues in its briefing. After all,

---

[21] *See id.* at 5–6; Defs.' Mot. to Exclude 9–11.
[22] *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018), *as revised* (Apr. 13, 2018).
[23] *King v. IC Grp., Inc.*, No. 2:21-cv-00768-RJS-CMR, 2024 WL 3639366, at *3 (D. Utah Aug. 2, 2024) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).
[24] *Martin v. SGT, Inc.*, No. 2:19-cv-00289-RJS, 2023 WL 3585326, at *3 (D. Utah May 22, 2023).
[25] *See generally* Pl.'s Mot.
[26] *Martin*, 2023 WL 3585326, at *3 (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

4

"[p]arties should make all arguments accessible to the Court, 'rather than ask [the Court] to play archaeologist with the record.'"[27] Yet, it is also true that Dr. St. Denis's report was in the record, was relatively short—spanning just 16 pages—and at least briefly discussed the subject at issue. Moreover, Defendants attached the report as an exhibit to their motion to exclude, and Defendants cannot argue they were unaware of the report's assertions.

Accordingly, if it were a simple matter of one missing citation, the court might be inclined to reconsider its holding. But the deficiency here is more than that. UPHE bears the burden of demonstrating that its proffered expert's opinions meet the Rule 702 standard. Here, UPHE failed to adequately show that these particular opinions reflect a reliable application of reliable principles and methods.

Assuming without deciding that (i) the method of subtracting background hydrocarbons from the hydrocarbons measured in the exhaust is reliable generally[28] and (ii) a test with background levels of hydrocarbons exceeding 5 parts per million is not necessarily invalid for comparison purposes, these statements are still not fully responsive to Defendants' reliability arguments in their Motion to Exclude. For example, Defendants point out that Dr. St. Denis initially calculated emissions based on four tests (three of which were included in the average), then updated the chart to reflect eight tests, excluded some of these tests based on incorrect data, and revised total emissions downwards by more than ten percent.[29] Of these eight attempted

---

[27] *XMission, L.C. v. Purehealth Rsch.*, No. 2:21-cv-734-TS, 2023 WL 3604419, at *3 (D. Utah May 23, 2023) (citations omitted).
[28] In oral argument, UPHE directed the court to 40 C.F.R. § 86.544-90, which appears to provide support for subtracting background hydrocarbons from hydrocarbons measured in the exhaust. *See id.* § (c)(iii)–(viii). However, UPHE did not reference this specific provision in its briefing.
[29] Defs.' Mot. to Exclude 3–4, 9–11; Dr. St. Denis Dep. Ex. 6, Updated Emissions Testing Summary, ECF No. 83-4; Dr. St. Denis Dep. 47:2–49:25; St. Denis Expert Report ¶ 39.

emissions tests, the average background hydrocarbon concentration varied widely, ranging from 5.46 ppm to 17.89 ppm.[30]

Further, Defendants argued that the testing was invalid because SGS collected data from the motorcycle after it had been driven for about 100 miles, instead of after its break-in period of 4,000 miles used for initial compliance emissions testing.[31] Defendants also argued that the comparison is not reliable because the motorcycle was not in the same condition as it was when it left Defendants' custody.[32] Specifically, SGS partially disassembled the motorcycle to weld the exhaust system from the inside to fix the exhaust leak and clamped aluminum foil over the muffler and exhaust pipe.[33] SGS itself stated that it "remain[ed] concerned about the modifications and the mileage on the vehicle for what [St. Denis] want[ed] to do with the results."[34]

Dr. St. Denis does not address these concerns in his report, and UPHE did not respond to these arguments in its briefing. UPHE bears the burden to show it is more likely than not that Dr. St. Denis's opinions reflect a reliable application of reliable principles and methods. By failing to respond to these arguments, UPHE did not meet that burden. As such, the court cannot conclude that Dr. St. Denis's excluded opinions are reliable even given the brief discussion in paragraphs 33 and 34 of his report. And as the court noted earlier, motions for reconsideration are generally not proper to "advance arguments that could have been raised in prior briefing."[35] In short, the excluded opinions might be reliable, but UPHE, the proponent of this evidence, failed to show that they are. The result necessarily is that the exclusion is upheld.

---

[30] Updated Emissions Testing Summary.
[31] Defs.' Mot. to Exclude 3; Dr. St. Denis Dep. 173:7–20.
[32] Defs.' Mot. to Exclude 11.
[33] *Id.* at 3–4.
[34] *Id.* at 3.
[35] *Martin*, 2023 WL at *3 (citing *Servants of Paraclete v. Does*, 204 F.3d at 1012 (10th Cir. 2000)).

**ORDER**

For the foregoing reasons, the court DENIES UPHE's motion.

Signed November 20, 2024.

BY THE COURT

_____
David Barlow
United States District Judge
