UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br>Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON OF SALT LAKE CITY, LLC (d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop); NORTHERN UTAH POWER SPORTS, LLC (d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson); and JOSEPH L. TIMMONS, JR.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REQUIRE DEFENDANTS TO SUPPLEMENT DISCOVERY**<br>**(DOC. NO. 148)**<br><br>Case No. 2:22-cv-00473<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

In this citizen environmental enforcement action, Utah Physicians for a Healthy Environment, Inc. (UPHE) has filed a motion to compel Defendants to supplement their production of documents relating to sales of motorcycles and aftermarket parts since the close of fact discovery in July 2023.[1] Defendants argue no supplementation is required because the discovery requests at issue are temporally limited to the period

---

[1] (Pl. UPHE's Rule 37-1 Disc. Short Form Mot. for Order Requiring Defs. to Suppl. Disc. Pursuant to Rule 26(e) (Mot.), Doc. No. 148.)

before the close of fact discovery.[2]  As stated at the hearing,[3] where UPHE's requests are most reasonably interpreted as intended to promote ongoing supplementation, UPHE's motion is granted.

## ANALYSIS

Rule 26(e) of the Federal Rules of Civil Procedure requires a party to "supplement or correct" a discovery response in the following circumstances:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.[4]

Generally, "a party has a continuing duty to disclose information even after discovery is closed."[5]  But "Rule 26(e) updates are not unlimited."[6]  "[T]hey are bound by what has previously been disclosed and are constrained by the discovery requests themselves."[7]

Here, Defendants argue the discovery requests at issue, by their own terms, are limited to the period before fact discovery closed.  They note the requests seek

---

[2] (Defs.' Resp. in Opp'n to Pl.'s Rule 37-1 Disc. Short Form Mot. for Order Requiring Defs. to Suppl. Disc. Pursuant to Rule 26(e) (Opp'n), Doc. No. 157.)

[3] The court held a hearing on July 7, 2025.  (*See* Min. Entry, Doc. No. 158.)

[4] Fed. R. Civ. P. 26(e)(1).

[5] *Xidrone Sys., Inc. v. Fortem Techs., Inc.*, No. 2:23-cv-00430, 2025 U.S. Dist. LEXIS 110209, at *6 (D. Utah June 9, 2025) (unpublished).

[6] *Id.*

[7] *Id.*; *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) ("A party is under a continuing duty to supplement . . . if there are additions . . . to what has been previously disclosed.").

documents from the "applicable period," which is defined as "the period of time between April 5, 2017, and the date of your response, which period extends beyond the date of your response for the purposes of required supplementation through the entire period of discovery in this matter."[8] Based on this language, Defendants argue motorcycle and aftermarket parts invoices from after the July 2023 close of fact discovery fall outside the scope of the requests.[9]

UPHE's definition of "applicable period" is most reasonably interpreted as seeking ongoing supplementation rather than limiting the temporal scope of the requests. Although perhaps inartfully drafted, this definition does not impose an end date on the discovery requests nor an outer limit on required supplementation before trial. The reference to "required supplementation through the entire period of discovery in this matter" is most fairly interpreted to mean UPHE seeks ongoing supplementation for as long as such an obligation exists. This interpretation is supported by a provision in the "general instructions" section of UPHE's requests, which requires Defendants to continue supplementing their responses "during the pendency of this action."[10] Where supplementation is generally required under Rule 26(e) beyond the close of discovery,

---

[8] (Ex. D to Mot., Pl.'s First Set of Reqs. for Produc. ¶ B.2, Doc. No. 148-4.)

[9] Defendants' argument fails to acknowledge the full period of discovery in this case extended to November 3, 2023, when expert discovery closed. (*See* Doc. No. 60.) Where the definition of "applicable period" does not specifically refer to fact discovery, even under Defendants' theory, Defendants would be required to supplement their production through the close of expert discovery.

[10] (Ex. D to Mot., Pl.'s First Set of Reqs. for Produc. ¶ A.2, Doc. No. 148-4.)

and Defendants raise no challenge to the relevance of the requested material, Defendants must supplement their production to include responsive documents after the July 2023 close of fact discovery.

In their briefing, the parties cite two cases in which courts denied requests for Rule 26(e) supplementation after the close of discovery. Both are distinguishable. In *Xidrone Systems, Inc. v. Fortem Technologies, Inc.*,[11] the court found no duty to supplement where the requested supplemental discovery fell outside the subject matter of the discovery requests.[12] In other words, the moving party sought new categories of discovery that had not previously been requested or produced.[13] Here, there is no dispute the requested supplemental documents are the same categories of documents previously requested and produced in discovery.

In *In re Urethane Antitrust Litigation*,[14] the parties had agreed on a temporal scope for discovery requests with a beginning date and end date relevant to the claims at issue, and the court found no duty to supplement outside the agreed-upon dates.[15] Here, the discovery requests do not include a specified end date, but instead refer to "required supplementation." Additionally, the court in *In re Urethane Antitrust Litigation*

---

[11] No. 2:23-cv-00430, 2025 U.S. Dist. LEXIS 110209 (D. Utah June 9, 2025) (unpublished).

[12] *Id.* at *5–6.

[13] *Id.*

[14] MDL No. 1616, 2014 U.S. Dist. LEXIS 9178 (D. Kan. Jan. 24, 2014) (unpublished).

[15] *Id.* at *37–38.

found the supplemental documents fell outside the subject matter of the underlying discovery requests.[16]  But here, there is no dispute the supplemental documents fall within the same categories which were previously requested and produced.

In sum, the definition of "applicable period" does not impose a temporal limitation on Defendants' duty to supplement or limit the discovery requests to the period before fact discovery closed.  Defendants have an ongoing duty to supplement their production of documents relating to sales of motorcycles and aftermarket parts, including for the period after the July 2023 close of fact discovery.

## CONCLUSION

UPHE's motion to require supplementation[17] is granted.  Defendants must supplement their production of documents relating to sales of motorcycles and aftermarket parts, including for the period after the July 2023 close of fact discovery.  As discussed at the hearing, Defendants must produce supplemental documents by August 4, 2025.

DATED this 9th day of July, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[16] See id. at *35.

[17] (Doc. No. 148.)