# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Utah Physicians for a Healthy Environment, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Harley-Davidson of Salt Lake City, LLC, (d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop) and Northern Utah Power Sports, LLC, (d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson) and Joseph L. Timmons, Jr., <br><br> Defendants. | **CONSENT DECREE** <br><br> Case No. 2:22-cv-473-DBB-DAO <br><br> District Judge David B. Barlow <br><br> Magistrate Judge Daphne A. Oberg |

## I. RECITALS

1. On July 18, 2022, Utah Physicians for a Healthy Environment ("UPHE") filed its complaint in this federal citizen enforcement action against Harley Davidson of Salt Lake City, LLC (d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop), Northern Utah Power Sports, LLC (d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson), and Joseph L. Timmons. "Defendants" in this Consent Decree ("Decree") means Harley Davidson of Salt Lake City, LLC and Northern Utah Power Sports, LLC.[1]

2. UPHE's complaint seeks declaratory and injunctive relief and the imposition of civil penalties payable to the U.S. Treasury for, *inter alia*, violations of (1) the federal Clean Air

---

[1] Mr. Timmons is only subject to this Decree as an officer of the corporate Defendants, and is not individually liable under this Decree.

Act, 42 U.S.C. §§ 7401-7671q ("CAA"), and (2) Utah's CAA state implementation plan at 40 C.F.R. § 52.2320(c)(59) ("Utah SIP"). Complaint Section VI.[2]

3. In particular, UPHE's complaint alleged Defendants have repeatedly violated and continue to violate the CAA and Utah SIP by removing air pollution control devices in motorcycles; selling and installing aftermarket parts that defeat air pollution control devices in motorcycles; and selling, owning, and operating new and used motorcycles without all of their required air pollution controls present and functioning as designed. Defendants do not admit these allegations.

4. UPHE and Defendants (the "Parties"), through their authorized attorneys, have chosen to resolve UPHE's complaint through settlement and avoid the cost and uncertainties of further litigation.

5. The Parties agree that this Decree has been negotiated in good faith and will avoid further litigation among the Parties regarding the violations alleged in UPHE's complaint, and that this Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## II. JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a) (citizen suit provision of the CAA), and 28 U.S.C. § 1355(a) (recovery of penalties). Jurisdiction additionally exists under 28 U.S.C. § 1331 because this action is brought to address Defendants' alleged violations of federal law, including CAA § 7522 (motor vehicle tampering and defeat part prohibitions), and Utah Admin. Code

---

[2] UPHE included in its complaint Noise Control Act claims, which were dismissed at summary judgment for want of standing. 2024 WL 3276844 *6 (July 1, 2024).

R307-201-2 in the federally enforceable Utah SIP at 40 C.F.R. § 52.2320(c)(59) (motor vehicle emissions systems requirements).

7. The relief requested is authorized pursuant to 28 U.S.C. §§ 2201 and 2202 (declaratory judgment), CAA § 7413 (Utah SIP civil penalties), CAA § 7524 (mobile source civil penalties), and CAA § 7604 (CAA injunctive relief).

8. Venue in this Court is proper pursuant to CAA §§ 7523 and 7524, and 28 U.S.C. §§ 1391(b) and 1395(a). For purposes of this Decree, or any action to enforce this Decree, the Parties consent to the Court's jurisdiction over this Decree or such action, and consent to venue in this judicial district. For purposes of this Decree, the Parties agree that UPHE has Article III and CAA statutory standing to bring this action and to enforce this Decree, and that UPHE's complaint states claims upon which relief may be granted pursuant to CAA §§ 7522, 7523, 7524, and 7604.

### III.  APPLICABILITY

9. The provisions of this Decree apply to and are binding on Defendants, UPHE, and any of their respective successors and/or assigns, officers, agents, servants, and employees, and any other entities who are in active concert or participation with Defendants or UPHE.

10. No requirement in this Decree may be avoided by bankruptcy through reorganization or restructuring.

11. Defendants have a continuing duty to provide a copy of this Decree to all officers, employees, agents, performance guarantors, consultants, and contractors whose duties include compliance with and/or the implementation of any provision of this Decree.

12. In any action to enforce this Decree, Defendants shall not raise as a defense the failure of its officers, directors, agents, servants, contractors, or employees, or their successors, to take actions necessary to comply with its provisions.

### IV. DEFINITIONS

13. Wherever the terms set forth below are used in this Decree, the following definitions shall apply:

   a) "CARB" means the California Air Resources Board.

   b) "CARB EO" means a California Air Resources Board Executive Order that exempts an aftermarket product for use in specified vehicles and configurations from the prohibitions of Section 27156 (and any successor section) of the California Vehicle Code.

   c) "Certify" shall mean a statement, signed under the penalties of perjury by a person of knowledge authorized by Defendants, in which the signer attests that, after reasonable and independent inquiry, the information supplied by the Defendants is true, accurate, and complete with respect to the information required to be provided.

   d) "Motorcycle" means any two or three-wheeled motor vehicle that must be designed and manufactured in compliance with regulations under Title II of the Clean Air Act before it can be sold in the United States.

   e) "OEM" means the original equipment manufacturer responsible for the design and production of a motorcycle.

  f) "Replacement Part" means an OEM or aftermarket part intended to replace an original OEM emissions-related part that is functionally identical to the original equipment part in all respects that affect emissions, including durability.

## V. PROHIBITORY INJUNCTION

14. Defendants are enjoined permanently from removing any OEM catalytic converter in any exhaust part from any used motorcycle unless:

  (a) such exhaust part is removed solely for the purpose of servicing the motorcycle and the same exhaust part with its OEM catalyst intact is reinstalled before the motorcycle is returned to the customer, or

  (b) such exhaust part is replaced by a Replacement Part applicable to the motorcycle, or is replaced by an exhaust part for the motorcycle that is covered by a CARB EO.

15. Defendants are enjoined permanently from installing any exhaust part in a new or used motorcycle that removes, or continues the removal of, the motorcycle's originally installed catalytic converter(s), unless the part is a Replacement Part for the motorcycle or the part is covered by a CARB EO for the motorcycle.

16. Defendants are enjoined permanently from selling as a stand-alone part any exhaust part that is capable of removing an originally installed OEM catalytic converter in any motorcycle unless the part is a Replacement Part for the motorcycle, or the part is covered by a CARB EO.

17. Defendants are enjoined permanently from selling any motorcycle with an aftermarket exhaust part that has removed the motorcycle's original OEM catalytic converter(s), unless the exhaust part is a Replacement Part for the motorcycle, or the part is covered by a CARB EO for the motorcycle. Aftermarket exhaust parts include those that are different in appearance compared to the motorcycle's original OEM exhaust part, and/or those displaying the

name, logo, appearance or design of an aftermarket manufacturer. Defendants shall determine the location of any original OEM catalyst in the exhaust system of a motorcycle by reference to the manufacturer's identification of parts applicable to the motorcycle's make, model and/or VIN.

18. Defendants are enjoined permanently from installing in any motorcycle any non-Harley-Davidson electronic tuner or tune that does not have a CARB EO applicable to the model and model year of the motorcycle.

## VI. CIVIL PENALTY

19. Within 30 days of entry of this decree, Defendants shall pay $450,000 to the Federal Treasury as a civil penalty.

20. Defendants shall not deduct any civil penalty required by this Decree in their federal income tax returns.

## VII. REPORTING REQUIREMENTS

21. To track Defendants' compliance with paragraphs 14-20, Defendants shall record, report, and certify to UPHE on a recurring, twelve (12) month basis for the next two and a half years (2.5) years, beginning on the date of entry of this Decree:

(a) The name, manufacturer, manufacturer's part number, replacement part number, and any CARB EO of all stand-alone exhaust parts, tuners and tunes they sold in the previous twelve months;

(b) The name, manufacturer, manufacturer's part number, replacement part number, and any CARB EO of all exhaust parts, tuners and tunes they installed in motorcycles in the previous twelve months, including the make, model, model year, and VIN;

(c) The name, manufacturer, manufacturer's part number, replacement part number, and CARB EO applicable to all aftermarket exhaust parts sold as part of used motorcycles in the previous 12 months.

22. Within 30 days of any violation of this Decree, Defendants shall provide a written notice to UPHE describing such violation(s).

23. Within 45 days after entry of this Decree, Defendants shall provide a written report to UPHE regarding its payment of the civil penalty to the U.S. Treasury required by paragraph 21.

## VIII.  STIPULATED PENALTIES

24. Defendants shall pay stipulated penalties to the U.S. Treasury, without demand by UPHE, for violations of paragraphs 14-18 [prohibitory injunctive relief], $2,500 per violation; and for violations of paragraph 19 [civil penalty] and paragraphs 21-23 [reporting], $2,500 per day per violation;

25. Stipulated penalties shall be paid, without demand from UPHE, no later than thirty (30) days after any violation.

26. If Defendants fail to pay any stipulated penalty, Defendants shall be liable for interest on such penalty at the federal rate accruing as of the date payment became due.

27. The requirements in Sections VI, VII and VIII of this Decree may be excused by a force majeure event. A force majeure event is defined as any event arising from causes beyond the control of Defendants that delays or prevents the performance of any of Defendants' obligations under this Decree despite Defendants' best efforts to fulfill the obligation.  If any event occurs or has occurred that may delay performance of any requirements of Sections VI, VII and VIII Defendants may assert a claim of force majeure. Defendants shall provide notice

and proof of such claim electronically to UPHE within seven (7) days of the event in accordance with the notice provisions below. If UPHE does not agree with Defendants' force majeure claim it shall provide notice of its disagreement within seven (7) days of Defendants' notice. Thereafter Defendants shall have fifteen (15) days from UPHE's notice to seek relief from the Court with respect to its asserted force majeure event.

## IX.  FEES AND COSTS

28.     The parties have resolved UPHE's claims for fees and costs incurred in this action.  UPHE reserves its ability to seek fees and costs incurred in enforcing the terms of this Consent Decree in the future. Defendants reserve their ability to contest any such claims for future fees and costs.

## X.  MISCELLANEOUS PROVISIONS

29.     <u>Construction</u>.  The language in all parts of this Decree, unless otherwise stated, shall be construed according to its plain and ordinary meaning. All parties shall be responsible under this Decree for their acts, and any acts they caused to be taken.

30.     <u>Choice of Law</u>.  This Decree shall be governed by the laws of the United States.

31.     <u>Notices</u>.  Any correspondence, reports, or other documents required by or related to this Decree shall be sent by electronic mail transmission to the email addresses listed below:

<u>For UPHE</u>:
Reed Zars
reed@zarslaw.com

George Hays
georgehays@mindspring.com

Michelle Fein
michelle@fein.law

Jonny Vasic
jvasic@uphe.org

Brian Moench
drmoench@yahoo.com

For Defendants:

Joe Timmons
Jtimmons@utahharleycom

Michael Zody
mzody@parsonsbehle.com

Each Party shall promptly notify the other of any change in the above-listed contact information.

32. Full Settlement. This Decree constitutes a full and final settlement of this matter. The Parties expressly understand and agree that each Party has freely and voluntarily entered into this Decree with and upon advice of counsel.

33. Modification. This Decree may be amended or modified only by a writing signed by the Parties or their authorized representatives, and then by order of the Court.

34. Counterparts. This Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document. An executed copy of this Decree shall be valid as an original.

35. Authority. The undersigned representatives of UPHE and Defendants are authorized to execute this Decree on behalf of the Party whom he/she/they represent.

36. Signatures. Digital copies of original signatures shall be deemed to be originally executed.

## XI.  NOTICE OF DECREE

37. Pursuant to 42 U.S.C. § 7604(c)(3), this Decree shall be lodged with the Court and simultaneously presented to the United States for review and comment for a period not to exceed forty-five (45) days.

38. After the review period, the Decree may be entered by the Court. If the Decree is not entered by the Court, the Parties shall retain all rights they had in this litigation before the lodging of the Decree.

39. The Parties agree to cooperate in good faith to obtain prompt review of this Decree by the United States and the Court. If the United States provides substantive comment on the Decree the Parties agree to consider and discuss such comments and any potential revisions to the Decree that may be appropriate.

## XII.  FINAL JUDGMENT

40. Upon approval and entry of this Decree by the Court, this Decree shall constitute a final, unappealable judgment between the UPHE and Defendants and shall resolve the civil claims of the UPHE for the violations alleged in the Complaint filed in this action through the date of lodging.

SO ORDERED, THIS _____ DAY OF _____, 2025.

BY THE COURT:

_____
DAVID B. BARLOW
United States District Judge

FOR PLAINTIFF UPHE:

_____          _____09/10/25_____
Jonathan Vasic                                            Dated
UPHE Executive Director


Approved as to form:


_____s/ Reed Zars_____          _____09/10/25_____
Reed Zars (USB 16351)                                Dated
Attorney at Law
910 Kearney Street
Laramie, Wyoming  82070
(307) 760-6268
reed@zarslaw.com


_____s/ George Hays_____          _____09/10/25_____
George E. Hays                                          Dated
(Admitted pro hac vice)
Attorney at Law
P.O. Box 843
Bellevue, WA 98009
(415) 716-9159
georgehays@mindspring.com


_____s/ Michelle Fein_____          _____09/10/25_____
Michelle Fein (USB 18065)                         Dated
50 W Broadway, Suite 333
Salt Lake City, UT 84101
(610) 761-7643
michelle@fein.law

FOR DEFENDANTS

_____   9/10/2025
Joseph L. Timmons              Dated
Managing Member of the LLC Defendants

Approved as to form:

*/s/ Michael A. Zody*            09/10/25
Michael A. Zody (USB 5830)       Dated
Attorney at Law
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
801.536.6818
MZody@parsonsbehle.com

*/s/ Richard J. Angell*          09/10/25
Richard J. Angell (USB 7560)     Dated
Attorney at Law
Parsons Behle & Latimer
1441 West Ute Boulevard, Suite 330
Park City, Utah 84098
435.962.9933
RAngell@parsonsbehle.com