UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON OF SALT LAKE CITY, LCC (d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop); NORTHERN UTAH POWER SPORTS, LLC (d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson); and JOSEPH L. TIMMONS, JR.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [168] JOINT MOTION FOR ENTRY OF CONSENT DECREE**<br><br>Case No. 2:22-cv-00473-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Plaintiff Utah Physicians for a Healthy Environment's ("UPHE") and Defendants Harley-Davidson of Salt Lake City et al.'s Joint Motion for Entry of a Consent Decree (the "Motion").[1]

## BACKGROUND

This case is a federal Clean Air Act citizen enforcement action brought against Defendants by UPHE.[2] In its Complaint, UPHE alleged that the Defendants committed various federal emissions violations with respect to motor vehicles that they owned, operated, and sold.[3] After years of litigation, the parties notified the court on September 10, 2025, that they had

---

[1] Joint Motion for Entry Consent Decree "Motion," ECF No. 168, filed Nov. 10, 2025.
[2] Complaint, ECF No. 2, filed July 18, 2022.
[3] *See generally id.*

1

reached an agreement in the form of a proposed Consent Decree.[4] In accordance with 42 U.S.C. § 7604 in the Clean Air Act,[5] the parties then submitted a copy of the proposed decree to the United States Environmental Protection Agency (EPA) and Department of Justice (DOJ) on September 22, 2025.[6] This began a statutory forty-five day review period during which the Government could submit comments on the proposed decree or intervene as a matter of right.[7] The comment and review period has now ended with no Government comments or intervention, so the court may review and enter the proposed decree if it merits approval.[8]

## STANDARD

"A consent decree is primarily a means by which parties settle their disputes without having to bear the financial and other costs of litigating."[9] "While the court may either approve or deny the issuance of a consent decree, generally it is not entitled to change the terms of the agreement stipulated to by the parties."[10] Furthermore, "because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest."[11] "The court also has the duty to decide whether the decree is fair, adequate, and reasonable before it is approved."[12]

---

[4] Notice of Lodging of Consent Decree, ECF No. 166, filed Sep. 10, 2025.
[5] 42 U.S.C. § 7604(c)(3).
[6] Notice of Government Consent Decree Review and Comment Deadline, ECF No. 167, filed Oct. 15, 2025.
[7] 42 U.S.C. § 7604(c)(3).
[8] *Id.*
[9] *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528 (1986).
[10] *United States v. State of Colo.*, 937 F.2d 505, 509 (10th Cir. 1991).
[11] *Id.*
[12] *Id.*

## DISCUSSION

The parties' proposed Consent Decree would be binding on UPHE, Defendants, and any of their respective successors, assigns, or agents.[13] It would, among other things, enjoin Defendants from installing or selling motor vehicle parts that do not comply with emissions regulations,[14] require Defendants to pay a $450,000 penalty to the Federal Treasury,[15] establish certain reporting requirements between Defendants and UPHE for two-and-a-half years,[16] and set stipulated penalties for any future violations.[17] After reviewing the proposed Decree, the court finds that its terms are not illegal or contrary to the public interest. Its requirements align with the Clean Air Act's purpose of protecting air quality and preventing air pollution.[18] There is no indication that its terms would violate federal or state law or be counterproductive to federal or state emissions priorities.

Having determined that the agreement is neither illegal nor against the public interest, the court must next ensure that the agreement is "fair, adequate, and reasonable" prior to final approval.[19] "Fairness contains both procedural and substantive components."[20] Procedural fairness stems from an open, balanced bargaining process, and substantive fairness is present when the agreement is equitable and reinforces principles of accountability.[21] In this case, the proposed Consent Decree satisfies both components of fairness. Procedurally, it was negotiated

---

[13] Consent Decree ¶ 9, ECF No. 168-1, filed Nov. 10, 2025.
[14] *Id.* ¶¶ 14–18.
[15] *Id.* ¶¶ 19–20.
[16] *Id.* ¶¶ 21–23.
[17] *Id.* ¶¶ 24–27.
[18] *See* 42 USCA § 7401.
[19] *United States v. State of Colo.*, 937 F.2d 505, 509 (10th Cir. 1991).
[20] *WildEarth Guardians v. Jackson*, No. 11-CV-00001-CMA-MEH, 2011 WL 4485964, at *4 (D. Colo. Sept. 27, 2011) (citing *United States v. Cannons Eng'g Corp.,* 899 F.2d 79, 86 (1st Cir. 1990)).
[21] *Id.*

between adversarial parties by experienced legal counsel.[22] The record also shows that the parties' settlement discussions lasted for multiple weeks and occurred years into this litigation.[23] This indicates that the agreement was thoroughly negotiated, and that each party had sufficient information to make reasoned decisions.

Substantively, the court finds that the penalty and reporting requirements fairly establish accountability without being overly punitive.[24] The injunction section is also substantively fair and equitable because it generally requires compliance with existing regulations and does not impose excessive additional requirements.[25] For these reasons, the Consent Decree is both procedurally and substantively fair, as well as free of evidence of collusion.

The adequacy and reasonableness of a proposed Consent Decree in a Clean Air Act case may be determined by considering whether the agreement "upholds the objectives of the CAA" and "is technically adequate to accomplish the goal of cleaning the environment."[26] As already discussed, the parties' proposal aligns with the Clean Air Act's purposes of reducing air pollution and maintaining air quality. It also seems adequate to accomplish that objective. The Consent Decree provides for a permanent injunction against activities that would violate the Clean Air Act and short-term reporting requirements to ensure that the agreement is implemented.[27] It also imposes a large one-time penalty and potential additional fines to further incentivize compliance with federal law.[28]

---

[22] *See* Second Joint Motion to Extend Deadline to File Joint Civil Trial Notice 2, ECF No. 163, filed Sep. 2, 2025 (reporting to the court that the parties had "scheduled an in-person settlement meeting of lawyers and clients").
[23] *See* First Joint Motion to Extend Deadline to File Joint Civil Trial Notice 2, ECF No. 160, filed Aug. 20, 2025.
[24] *See* Consent Decree ¶¶ 19–23.
[25] *Id.* ¶¶ 14–18.
[26] *WildEarth Guardians*, 2011 WL 4485964, at *4.
[27] *See* Consent Decree ¶¶ 14–18, 21–23.
[28] *Id.* ¶¶ 24–27.

All parties have approved the proposed Consent Decree, and the Government has not offered any comments or criticisms. Because the court has also independently determined that the proposed Consent Decree is fair, adequate, and reasonable, and that it is not illegal or contrary to public policy, the Decree is approved.

## ORDER

The parties' [168] Joint Motion for Entry of a Consent Decree is GRANTED. The court will enter the proposed Consent Decree as a final judgment.

Signed December 10, 2025.

                                       BY THE COURT

                                       _____
                                       David Barlow
                                       United States District Judge