UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HARLEY-DAVIDSON OF SALT LAKE CITY, LCC (d/b/a Harley-Davidson of Salt Lake City and South Valley Harley-Davidson Shop); NORTHERN UTAH POWER SPORTS, LLC (d/b/a Golden Spike Harley-Davidson and Saddleback Harley-Davidson); and JOSEPH L. TIMMONS, JR., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [173] MOTION TO ENFORCE CONSENT DECREE** <br><br> Case No. 2:22-cv-00473-DBB <br><br> District Judge David Barlow |

Before the court is Plaintiff Utah Physicians for a Healthy Environment's ("UPHE") Motion to Enforce Consent Decree and Final Judgment.[1]

## BACKGROUND

This case involves a federal Clean Air Act citizen enforcement action brought against Defendants by UPHE.[2] UPHE alleged that the Defendants committed various federal emissions violations with respect to motor vehicles that they owned, operated, and sold.[3] After years of litigation, the parties notified the court in September 2025, that they had reached an agreement in the form of a proposed Consent Decree.[4] Among other things, the Consent Decree states in

---

[1] Motion to Enforce Consent Decree and Final Judgment ("Motion to Enforce"), ECF No. 173, filed Apr. 30, 2026.
[2] Complaint, ECF No. 2, filed July 18, 2022.
[3] *See generally id.*
[4] Notice of Lodging of Consent Decree, ECF No. 166, filed Sep. 10, 2025.

1

paragraph 17 that "Defendants are enjoined permanently from selling any motorcycle with an aftermarket exhaust part that has removed the motorcycle's original OEM catalytic converter(s), unless the exhaust part is a Replacement Part for the motorcycle, or the part is covered by a CARB EO for the motorcycle."[5] Relevant terms are defined as follows:

> b) "CARB EO" means a California Air Resources Board Executive Order that exempts an aftermarket product for use in specified vehicles and configurations from the prohibitions of Section 27156 (and any successor section) of the California Vehicle Code. . . .
>
> e) "OEM" means the original equipment manufacturer responsible for the design and production of a motorcycle.
>
> f) "Replacement Part" means an OEM or aftermarket part intended to replace an original OEM emissions-related part that is functionally identical to the original equipment part in all respects that affect emissions, including durability.

Upon finding that the proposed consent decree was fair, adequate, and reasonable, the court entered it as a final judgment and closed the case.[6]

On April 30, 2026, UPHE filed its Motion to Enforce, asking the court to find that Defendants violated the Consent Decree's prohibition on selling used motorcycles with certain aftermarket parts.[7] Plaintiff informed Defendants in a February 23, 2026, communication that some used motorcycles they had advertised for sale might violate paragraph 17 of the Consent Decree.[8] Defendants responded that only a small number of those motorcycles had been sold and were thus covered under the Consent Decree and included a list of the exhaust parts used in the sold vehicles.[9] Plaintiff then demanded that the Defendants produce all the evidence they had to

---

[5] Final Judgment and Consent Decree ("Consent Decree") ¶ 17, ECF No. 171, entered Dec. 10, 2025.
[6] *See id.*
[7] Motion to Enforce 1–2.
[8] Communication (February 23, 2026), ECF No. 173-1 at 1–4, filed Apr. 30, 2026.
[9] Communication (March 20, 2026), ECF No. 173-1 at 6–8, filed Apr. 30, 2026.

show that the relevant exhaust parts qualified as "replacement parts" under paragraph 13 of the Consent Decree.[10] Defendants provided manufacturer representations purportedly showing that all exhaust parts used in the sold motorcycles were either covered under a CARB EO or were legal replacement parts that met EPA requirements.[11]

Plaintiff asks the court to order payment of $5,000 per motorcycle sold pursuant to the Consent Decree and to enjoin the sale of additional non-compliant motorcycles.[12] In response, Defendants argue that, because a consent decree is a voluntary settlement that is entered as an enforceable "final judicial order," Plaintiff's Motion should be construed as a motion for an order to show cause in a civil contempt proceeding.[13] Plaintiff does not oppose Defendants' request that the Motion be construed as a motion for civil contempt.[14]

### STANDARD

To prevail in a civil contempt proceeding, the moving party "has the burden of proving, by clear and convincing evidence, [1] that a valid court order existed, [2] that the defendant[s] had knowledge of the order, and [3] that the defendant[s] disobeyed the order."[15] "Once the moving party has satisfied its burden, the burden then shifts to the nonmoving party 'to show either [1] that he had complied with the order or [2] that he could not comply with it.'"[16]

---

[10] Communication (March 23, 2026), ECF No. 173-1 at 10–11, filed Apr. 30, 2026.
[11] Communication (April 8, 2026), ECF No. 173-1 at 13–24, filed Apr. 30, 2026.
[12] *Id.* at 9–10.
[13] Opposition to Motion to Enforce ("Opp'n") 3–4, ECF No. 176, filed May 21, 2026; *see also David C. v. Leavitt,* 13 F. Supp. 2d 1206, 1209 (D. Utah 1998) (quoting *Williams v. Vukovich,* 720 F.2d 909, 920 (6th Cir. 1983)).
[14] Reply in Support of Motion to Enforce ("Reply") 1, ECF No. 177, filed June 2, 2026.
[15] *F.T.C. v. Kuykendall*, 371 F.3d 745, 756–57 (10th Cir. 2004) (quoting *Reliance Ins. Co v. Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998)).
[16] *Gardner v. Long*, No. 2:18-CV-00509, 2020 WL 1325338, at *6 (D. Utah Mar. 20, 2020) (quoting *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008)).

## DISCUSSION

In this case, Plaintiff's Motion centers on the sale of four motorcycles that Defendants allegedly sold with aftermarket exhaust parts that violate paragraph 17 of the Consent Decree.[17] Plaintiff argues that, because Defendants "seek refuge in the 'Replacement Part' exception to the Decree's prohibition," they bear the burden of proving that the parts used are replacement parts under the Consent Decree.[18] Defendants respond that replacement parts are not an exception to the Consent Decree because they—along with OEM parts and CARB EO-covered parts— represent a category of part that Defendants are expressly permitted to install and sell.[19] Accordingly, Defendants argue that Plaintiff bears the burden of showing that they violated the consent decree by selling non-compliant parts.[20] Defendants also contend that the parts at issue here do qualify as replacement parts under the Consent Decree because they are "Qualified Manufacturer Declared 49-State Federal Emissions Compliant Parts" that are intended to replace original emissions-related parts and meet all EPA emissions regulations.[21]

## I.    Burden of Proof

As noted above, the parties disagree about who bears the burden of proof. Plaintiff cites caselaw for the propositions that "the burden of proof applicable to an exception to a [Clean Air Act] prohibition lies with Defendant"[22] and that "'[a] party who seeks advantage of an exception

---

[17] Plaintiff initially asserted that five motorcycles had been sold with prohibited aftermarket mufflers. *See* Motion to Enforce 4. However, after Defendants argued in their Opposition that one of the motorcycles at issue was sold with its original OEM catalytic converter, *see* Opp'n 7, Plaintiff focused its Reply on the four remaining motorcycle sales. Reply 2–3.
[18] Motion to Enforce 6.
[19] Opp'n 8.
[20] *Id.* at 7–8.
[21] *Id.* at
[22] Motion to Enforce 6; *United States v. Gear Box Z Inc.*, 526 F. Supp. 3d 522, 526 (D. Ariz. 2021).

4

in a contractual stipulation . . . is charged with the burden of proving facts necessary to bring himself within such exception.'"[23] Defendants respond that the Motion relates to a consent decree rather than a statute and that replacement parts are not an exception, which places the burden squarely on Plaintiff.[24]

In a civil contempt proceeding, Tenth Circuit caselaw is clear where the burden lies. "[T]he plaintiff has the burden of proving, by clear and convincing evidence that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order."[25] The first two elements are not in dispute here. But the third element requires Plaintiff to show by clear and convincing evidence that Defendants violated the consent decree. Notably, paragraph 17 of the Consent Decree does not categorically prohibit the sale of any motorcycle with aftermarket exhaust parts that replace its original OEM catalytic converters.[26] Rather, it prohibits the sale of such motorcycles where the aftermarket exhaust parts are not Replacement Parts or covered by a CARB EO.[27] Put differently, the Consent Decree only enjoins Defendants from using, installing, and selling aftermarket exhaust parts that are not Replacement Parts or CARB EO covered. On the facts here, these provisions simply establish the scope of the Decree's prohibitions by clarifying what types of aftermarket parts are permissible or impermissible.

Accordingly, Plaintiff cannot show by clear and convincing evidence that Defendants violated the Consent Decree merely by demonstrating that Defendants sold a motorcycle with

---

[23] Reply 4–5; *New Britain Mach. Co. v. Yeo*, 358 F.2d 397, 406 (6th Cir. 1966) (quoting *Davies Flying Service v. United States*, 216 F.2d 104, 106 (6th Cir. 1954)).

[24] Opp'n 8.

[25] *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

[26] Consent Decree ¶ 17.

[27] *Id.*

5

aftermarket exhaust parts. To be sure, such a sale could theoretically violate the Consent Decree, but it could also fall into a category of sale that is expressly permitted by the Decree. To satisfy its burden on this motion, Plaintiff must show by clear and convincing evidence that Defendants sold motorcycles containing aftermarket exhaust parts that are impermissible under the Consent Decree, i.e., that are not Replacement Parts or covered by a CARB EO. It is UPHE's burden to show that Defendants disobeyed a court order, not Defendants' burden to affirmatively prove that any actions potentially covered by the order were permissible.

## II.    Evidence that Defendants Disobeyed a Court Order

The court now considers whether UPHE met its burden to show by clear and convincing evidence that Defendants violated the Consent Decree. Plaintiff submits a series of communications between it and Defendants showing that Defendants sold certain motorcycles with aftermarket exhaust parts.[28] Plaintiff argues that Defendants' admission that they sold motorcycles with aftermarket parts that removed OEM catalytic converters satisfies UPHE's burden of showing that Defendants violated the Consent Decree.[29] But, as already discussed, the Consent Decree does not prohibit the sale of any motorcycle with aftermarket exhaust parts, only those with aftermarket exhaust parts that are not Replacement Parts or CARB EO covered.[30]

Plaintiff has not submitted sufficient evidence to show that Defendants violated the Consent Decree. Though UPHE submits communications showing that Defendants sold motorcycles with aftermarket exhaust parts,[31] Plaintiff's exhibits do not show by clear and convincing evidence that those parts are not Replacement Parts permitted under the Consent

---

[28] *See* Communications, ECF No. 173-1, filed April 30, 2026.
[29] Reply 2–3.
[30] Consent Decree ¶ 17.
[31] *See* Communication (March 20, 2026) 7–8.

6

Decree. To the contrary, Plaintiff's own evidence includes assertions by Defendants, with supporting attachments, that the exhaust parts at issue are either certified as compliant with EPA policy or include OEM catalytic converters.[32] As Plaintiff correctly argues, such designations standing alone are not sufficient to prove that the aftermarket exhaust parts comply with the Consent Decree.[33] But the fact that aftermarket parts at issue here are manufacturer certified as EPA compliant also does not show that they are not Replacement Parts that are functionally identical to the original parts in all respects that affect emissions. Thus, UPHE has not shown by clear and convincing evidence that Defendants violated the Consent Decree, and its motion cannot be granted.

**ORDER**

Plaintiff's [173] Motion to Enforce Consent Decree is DENIED.

Signed July 22, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[32] Communication (April 8, 2026) 13–23.
[33] Reply 5–6.

7